

# IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
## CIVIL DIVISION

**JULIANA ZELEDON, AS ADMINISTRATOR
OF THE ESTATE OF BALKE A. ZELEDON, DECEASED,
ON BEHALF OF THE ESTATE AND ALL STATUTORY
BENEFICIARIES and ALYSSA RESSIS**                          **PLAINTIFFS**

**VS.**                    **CASE NO. 58CV-18-518**

**CRST LINCOLN SALES, INC;CRST EXPEDITED, INC.,
dba Cedar Motor Lines, Cedar Motor Lines, Inc., and other entities;
JAMES SORIANO; KAREN MAXEDON;
and JOHN DOES 1-3 and 4-6**                              **DEFENDANTS**

## FIRST AMENDED COMPLAINT

Come Plaintiffs, Juliana Zeledon, as Administrator of the Estate of Blake A. Zeledon, deceased, on behalf of the estate and all statutory beneficiaries, and Alyssa Ressis, by and through their attorneys, Dugger Law firm, PA, and for their First Amended Complaint against Defendants, state:

### PARTIES

1.      Plaintiff, Juliana Zeledon, is a resident and citizen of the State of Florida, the biological mother of Blake A. Zeledon, deceased, and the duly appointed Administrator of the Estate of Blake A. Zeledon (hereafter "Mr. Zeledon" ). See Order Appointing Personal Representative and Letters of Administration, attached as **Exhibit "1."**

2.      Plaintiff, Alyssa Ressis (hereafter "Ressis"), is and, at all relevant times, was a resident and citizen of the State of Georgia.

3.      Separate Defendant CRST Lincoln Sales, Inc. (hereafter "CRST Lincoln") is a foreign corporation that was and is engaged in interstate commerce as a commercial motor carrier under the

authority granted to Separate Defendant CRST Expedited, Inc., by the U.S. Department of Transportation. According to the Iowa Secretary of State, its principal place of business is located at 3930 16th Avenue SW, Cedar, Rapids, IA 52404, and service of process may be had on its registered agent: Cogency Global, Inc., 400 Locust, St. Ste. 400, Des Moines, IA 50309.

4.     Separate Defendant CRST Expedited, Inc. (hereafter "CRST") is a foreign corporation authorized to engage in interstate commerce as a commercial motor carrier by the U.S. Department of Transportation, USDOT Number 53773. Per records on file with the Iowa Secretary of State, this defendant operates under the fictitious names of Cedar Motor Lines, Cedar Motor Lines, Inc., and other entities, has its principal place of business located at 3930 16th Avenue SW, Cedar, Rapids, IA 52404, and service of process may be had on its registered agent: Cogency Global, Inc., 400 Locust, St. Ste. 400, Des Moines, IA 50309.

5.     Separate Defendant James Soriano (hereafter "Soriano") is, based on information known and believed, a citizen of the State of California, who resides at 9844 Rufus Ave., Whittier, CA 90605.

6.     Separate Defendant Karen Maxedon (hereafter "Maxedon") is, based on information known and believed, a citizen of the State of Georgia, who resides at 27 English Ivy Ct., Newnan, GA 30265.

## II. JURISDICTION AND VENUE

7.     Plaintiff Zeledon's First Amended Complaint asserts statutory causes of action for survival and wrongful death and seeks compensatory damages for the value of Mr. Zeledon's pain, suffering, and loss of life, as well as the emotional damage inflicted upon his statutory beneficiaries, all of which arise out of a devastating motor vehicle collision on August 6, 2015, in Pope County,

2

AR.

8.     Plaintiff Ressis' First Amended Complaint seeks recovery and fair compensation for severe and permanent physical injuries and harm as provided under Arkansas law, as a result of the same crash that occurred on August 6, 2015.

9.     Based on information known, Plaintiffs believe and, therefore, allege that the contacts CRST Lincoln and CRST have with the State of Arkansas are and were continuous, systematic, and substantial, making the exercise of personal jurisdiction over these entities appropriate.

10.    This Court has proper jurisdiction pursuant to Ark. Code Ann. § 16-13-201, which states, in part, that circuit courts shall have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution.

11.    Venue is proper under Ark. Code Ann. § 16-60-112, which states, in part, that all actions for damages for personal injury shall be brought in the county where the accident occurred which caused the injury (Pope County).

## III. ALLEGATIONS AS TO JOHN DOES

12.    Plaintiffs are unaware of the true name and capacity of the persons and/or entities sued herein as fictitious Defendants John Doe 1, 2, 3, 4, 5, and 6, inclusive. John Does 1 – 3 are other possible individuals and/or motorists, including agents, representatives and employees of the corporate Defendants, alleged to be responsible for the death of Mr. Zeledon and the serious injuries suffered by Ms. Ressis, as well as the other harm and damages more specifically set forth herein below.

13.    John Does 4 – 6 are other corporate entities, partnerships or successors in interest that may be directly or vicariously liable for their own acts or the acts of others that caused the harm and

3

damages set forth in this First Amended Complaint.

14.     Plaintiffs are informed, believe and therefore allege that these fictitiously named Defendants were partly, primarily, solely, and/or vicariously responsible for the occurrences described herein and are liable to Plaintiffs for the damages proximately caused thereby.

15.     Despite Plaintiffs' diligent efforts, John Does 1 – 6 are presently unknown to Plaintiffs. Pursuant to ARK. CODE ANN. § 16-54-125, an Affidavit of Plaintiffs' counsel regarding these defendants is attached hereto as **Exhibit "2."** Additionally, pursuant to ARK. CODE ANN. § 16-56-125, ARK. R. CIV. P. 15, and any other applicable law or rule, Plaintiffs will amend their First Amended Complaint to substitute or change the names of any defendants or any additional defendants, as may be necessary and required.

## IV. FACTUAL BACKGROUND

16.     On August 6, 2015, Defendant Soriano was traveling from California to Pennsylvania in a 2014 International Harvester diesel, which was hauling a box trailer loaded with cargo. After stopping for an unknown period of time in Van Buren, AR, Soriano continued to drive east on Interstate 40.   Sometime prior to 6:30 A.M., Soriano reached log mile 98.6 on Interstate 40 East, which was in or in close proximity to Atkins, Pope County, AR.

17.     At that point in time, Soriano drove the tractor-trailer rig onto the right shoulder of the freeway, came to a complete stop, and parked the commercial motor vehicle inches from the outside, eastbound Interstate 40 traffic lane.

18.     The freeway shoulder is not a designated parking area.   Stopping on the shoulder is permitted for only brief periods of time due to emergencies, vehicle disablement, or to correct or avert an unsafe condition, none of which applied to Soriano when he parked the commercial motor

4

vehicle ("CMV") on the side of the road next to outside eastbound traffic lane of Interstate 40.

19.     Instead, Soriano illegally parked the big rig on the shoulder inches from the interstate for at least twenty minutes while he planned his trip to Pennsylvania and coordinated his remaining drive time with possible stops along the way. While there and with eastbound traffic flying by at 70 mph and greater, Soriano never illuminated his emergency or hazard lights and failed to place any warning triangles or flares.

20.     Soriano had the ability to stop in a safer location, but chose to place the CMV in a location where it posed an imminent hazard to any vehicle which may depart, for whatever reason, from the travel portion of the highway.

21.     Approximately 20 to 25 minutes after Soriano stopped for trip planning purposes, Separate Defendant Maxedon, who was driving a 2015 Dodge Durango east in the outside traffic lane of Interstate 40, unintentionally traveled slightly off the roadway. Before she had an opportunity to correct and change the vehicle's direction of travel, the right front of Maxedon's Durango slammed into the left rear of Soriano's cargo trailer.

22.     Mr. Zeledon was the front seat passenger in the Durango driven by Maxedon. The force of the crash caused the Durango to overturn before coming to rest in the outside, eastbound traffic lane on its right side, approximately 54 feet from the initial point of impact. During the collision, Mr. Zeledon was ejected and suffered fatal injuries.

23.     Plaintiff Ressis was also a passenger in the Durango, riding in the back seat. Emergency personnel responding to the scene found Ressis lying on the interstate outside the mangled Durango, injured and covered in shards of glass.

## V. NEGLIGENCE CLAIMS AGAINST DEFENDANTS CRST LINCOLN, CRST AND SORIANO

5

24.     The collision, Mr. Zeledon's fatal injuries, and the permanent harm suffered by Ressis

were directly and proximately caused by the negligent, careless, and reckless acts and omissions of

Defendants CRST and Soriano.

25.     Defendant Soriano's negligent acts and omissions included, but are not limited to, the

following:

(a)     Stopping and parking the tractor-trailer on the shoulder of the road for a non-
emergency purpose and an unreasonably dangerous amount of time;

(b)     Failure to put out warning triangles or flares, as required by state and
federal regulations while stopped and parked on the shoulder of the freeway;

(c)     Failure to activate the hazard lights on the tractor and trailer while stopped and
parked on the shoulder;

(e)     Causing an unreasonable and unnecessary risk of harm to the traveling public
by failing to park the tractor-trailer rig a safe distance from the edge of the
interstate travel lanes;

(f)     Failure to reasonably recognize that his conduct was unreasonably dangerous
and created foreseeable risk harm to the traveling public;

(g)     Failure to stop and park in a designated parking area or a safer location;

(h)     Failure to plan his trip and coordinate any stops along the way before getting
behind the wheel and driving the CMV on the interstate;

(i)     Parking a large CMV in the "recovery zone" where it posed an imminent
hazard to any vehicle which may depart, however slight and for whatever
reason, from the travel portion of the highway;

(j)     Illegally parking the large CMV in direct violation of ARK. CODE ANN.
§ 27-51-1302; and

(k)     Failure to exercise ordinary care owed by drivers to one another and as
required under the circumstances then existing.

26.     Defendant CRST's negligent acts and omissions included, but are not limited to, the

6

following:

      (a)    Failure to adequately and properly train Soriano to safely operate a CMV;

      (b)    Failure to adequately and properly supervise Soriano while he was working for CRST and during his operation of a CMV it owned; and

      (c)    Other acts and/or omissions as may be ascertained during the course of discovery.

27.    Additionally, at the time of the collision, Soriano was acting within the course and scope of his employment and/or agency with CRST Lincoln or CRST, or both. As a result, Soriano's negligence would be and is imputed to CRST Lincoln or CRST, or both, under the theory of *respondeat superior*.

28.    Alternatively, Soriano was employed by CRST Lincoln, which was engaged in transporting goods in interstate commerce as a commercial motor carrier under the certificate of authority issued CRST by the U.S. Department of Transportation. Consequently, CRST is directly responsible and vicariously liable for Soriano's neglect and careless acts and omissions, which proximately caused the collision and Plaintiffs' harm, injuries, and damages.

## VI. NEGLIGENCE CLAIMS AGAINST DEFENDANT MAXEDON

29.    The collision, Mr. Zeledon's fatal injuries, and the permanent harm suffered by Ressis were directly and proximately caused by the negligent, careless, and reckless acts and omissions of Defendant Maxedon.

30.    Such acts and omissions on the part of Defendant Maxedon included, but are not limited to, the following:

      (a)    Failure to pay proper attention and keep a proper lookout;

      (b)    Failure to maintain control of the vehicle she was operating;

7

(c)    Failure to operate the Dodge Durango squarely within its lane of travel on the interstate; and

(d)    Failure to exercise ordinary care owed by drivers to one another and as required under the circumstances then existing.

## VII.    DAMAGES AND HARM CLAIMED BY THE ESTATE OF BLAKE ZELEDON

31.    As a proximate result of the negligence of Defendants Soriano and Maxedon and the direct and vicarious negligence of CRST Lincoln and/or CRST, or both, including the negligent acts and omissions of their employees, agents and/or servants acting within the course and scope of their employment, Juliana Zeledon, on behalf of the Estate of Blake Zeledon and the statutory beneficiaries, suffered harm and sustained damages for which compensation is sought in an amount in excess of that required to establish Federal Court jurisdiction in diversity of citizenship cases.

32.    More specifically, Plaintiff Juliana Zeledon, as administrator of the estate of Blake Zeledon, deceased, prays for recovery against all Defendants referred to herein for the following elements of damages:

(a)    The Estate of Blake Zeledon has suffered and should be awarded damages for the reasonable value of medical and funeral expenses; conscious pain and suffering of the deceased prior to his death; and compensation for the loss of his life in an amount in excess of that required to invoke federal jurisdiction in diversity of citizenship cases.

(b)    Juliana Zeledon, mother of the decedent, has suffered and should be awarded damages as a result of the past mental anguish suffered by her and the anguish which is reasonably likely to be experienced in the future, as a result of the death of her child, in an amount in excess of that required to invoke federal jurisdiction in diversity of citizenship cases; and

(c)    Orlando Zeledon, Jr., brother of the decedent, has suffered and should be awarded damages as a result of the past mental anguish suffered by him and the anguish which is reasonably likely to be experienced in the future, as a result of the death of his brother, in an amount in excess of that required to invoke federal jurisdiction in diversity of

8

citizenship cases.

## VIII.   DAMAGES AND HARM CLAIMED BY PLAINTIFF RESSIS

33.    As a proximate result of the aforementioned negligent acts and omissions of Defendant Soriano, while acting within the course and scope of his employment with CRST Lincoln and/or CRST, or both, and the negligence of CRST Lincoln or CRST, individually and/or jointly, Plaintiff Ressis suffered permanent harm and sustained damages, for which she seeks compensation in an amount which exceeds that required to establish Federal Court jurisdiction in diversity of citizenship cases.

34    More specifically, Plaintiff Ressis prays for recovery against all Defendants referred to herein for the following elements of damages:

> (a)    Serious and permanent physical injuries, requiring surgery and for which future medical care has been recommended and is reasonably anticipated;
>
> (b)    Physical pain and suffering experienced in the past and reasonably certain to be experienced in the future;
>
> (c)    Mental anguish experienced in the past and reasonably certain to be experienced in the future;
>
> (d)    Medical expenses incurred in the past and reasonably certain to be incurred in the future;
>
> (e)    Past and future lost earnings;
>
> (f)    Diminished and impaired earning capacity; and
>
> (g)    Compensation for disfigurement and the visible results of her injuries.

## IX. JURY TRIAL DEMAND

35.    Plaintiffs Respectfully Demand Trial by a Twelve (12) Member Jury.

WHEREFORE, Plaintiffs, Juliana Zeledon, as the mother of Blake Zeledon and the duly

9

appointed administrator of his estate, and Alyssa Ressis, pray separately as follows:

      (a)      For Trial by Jury;

      (b)      For general and special damages in excess of that required for federal jurisdiction in diversity actions, the total amount of which is to be proven at the time of trial and determined by a jury;

      (c)      For all costs to which they may be entitled under Arkansas law; and

      (d)      For such other and further relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED**

DUGGER LAW FIRM, P.A.
5208 Kavanaugh Blvd., Suite 4
Little Rock, AR 72207
(501) 664-0900, Fax (501) 663-8111
Email: terry@razorbackjustice.com

By: _____
Terry D. Dugger, ABN 95240

10

## CERTIFICATE OF SERVICE

I, Terry D. Dugger, do hereby certify that a true and correct copy of the foregoing has been provided via e-mail to the following attorneys of record on this ___ day of March, 2019:

Ms. Staci D. Carson
**WATTS, DONOVAN & TILLEY, P.A.**
200 River Market Ave., Ste 200
Little Rock, AR  72201
(501) 850-7089 PH/ (501) 372 1209 FX
E-Mail: staci.carson@wdt-law.com
*Attorney for Defendant Karen Maxedon*

Ms. Kara B. Mikles / Mr. Eric Eggburn
**MUNSON, ROWLETT, MOORE & BOONE, P.A.**
1900 Regions Center
400 W. Capitol Avenue
Little Rock, Arkansas 72201
(501) 374-6535 PH/ (501) 374-5906 FX
E-Mail: Kara.mikles@mrmblaw.com; Eric.eggburn@mrmblaw.com
*Attornies for Defendants CRST Lincoln Sales, Inc.*
*and CRST Expedited, Inc., d/b/a Cedar Motor Lines, Inc.*
*and other entities*

Terry D. Dugger

11

# First Amended Complaint

---

# Exhibit 1

**IN THE PROBATE COURT**
**COUNTY OF COWETA**
**STATE OF GEORGIA**

IN RE: ESTATE OF                )
                                )
**BLAKE ANDREW ZELEDON,**        )        **ESTATE NO. 2015-515**
                **DECEASED**    )

### LETTERS OF ADMINISTRATION
(Bond Waived and/or Certain Powers Granted at Time of Appointment)

WHEREAS, **BLAKE ANDREW ZELEDON,** died intestate
(Initial one)

_MLW_ domiciled in this County;

_////////_  not domiciled in this State, but owning property in this County;

and this Court granted an order appointing **JULIANA ZELEDON** as Administrator of the estate of said decedent, on condition that said Administrator give oath as required by law; and the said Administrator having complied with said condition; the Court hereby grants unto said Administrator full power to collect the assets of said decedent, and to pay the debts of said estate, so far as such assets will extend, according to law, and then to pay over the balance, if any, to the heirs of said decedent, and to do and perform all other duties as such Administrator, according to the laws of this State. In addition, this Court:

(Initial all which apply)

_MLW_ (a)   **REPORTS WAIVED:** Grants to the Administrator the power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court; but the fiduciary shall furnish to the heirs, at least annually, a statement of receipts and disbursements.

_MLW_ (b)   **BOND WAIVED:** Waives the requirement to post bond.

_MLW_ (c)   **POWERS GRANTED:** Grants to the Administrator the powers contained in O.C.G.A. §53-12-261 not included in (a) above.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 29th day of December, 2015.

_Michael R. West_

Michael R. West, Jr., Judge *Pro Tempore*
*"Exercising the jurisdiction of the probate court*
*pursuant to order of Judge Mary T. Cranford, dated*
NOTE: The following must be signed if the judge         *December 4, 2015, as provided by O.C.G.A. §15-9-*
       does not sign the original of this document.      *13(a)."*
Issued by:

_____
Clerk/Deputy Clerk Probate Court

IN THE PROBATE COURT
COUNTY OF COWETA
STATE OF GEORGIA



COWETA COUNTY
PROBATE COURT

DEC 2 9 2015

FILED

IN RE: ESTATE OF                    )
                                    )
BLAKE ANDREW ZELEDON,               )        ESTATE NO. 2015-515
                  DECEASED          )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

A petition having been filed for Letters of Administration on the above styled estate; service and/or publication having been perfected according to law; venue having been shown to lie in this court; the decedent having died intestate;

JULIANA ZELEDON having been shown to be lawfully qualified to be appointed as administrator; and no objection having been offered;

IT IS ORDERED AND ADJUDGED that the person named above to be qualified for such office be, and is hereby, appointed Administrator of the estate of said decedent, and that appropriate Letters be issued upon said taking the oath as provided by law.  The Administrator shall not make any distribution to a person for the benefit of a minor unless that person is qualified to receive such funds according to law.

IT IS FURTHER ORDERED that upon unanimous consent and publication of notice as necessary, the Court hereby: (Initial if applicable.)

*MAL* (a)    **REPORTS WAIVED:** Grants to the Administrator the power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court; but the fiduciary shall furnish to the heirs, at least annually, a statement of receipts and disbursements.

*MRW* (b)    **BOND WAIVED:** Waives the requirement to post bond.

*MRW* (c)    **POWERS GRANTED:** Grants to the Administrator the powers contained in O.C.G.A. §53-12-261 not included in (a) above.

SO ORDERED this 29th day of December, 2015.

Michael R. West, Jr., Judge *Pro Tempore*
*"Exercising the jurisdiction of the probate court
pursuant to order of Judge Mary T. Cranford, dated
December 4, 2015, as provided by O.C.G.A. §15-9-
13(a)."*

# First Amended Complaint

# Exhibit 2

## AFFIDAVIT OF COUNSEL

STATE OF ARKANSAS )
)SS.
COUNTY OF PULASKI )

Comes now the affiant, Terry D. Dugger, as attorney for Plaintiffs, and hereby states under oath:

1. I am an adult citizen and resident of the State of Arkansas and the testimony I am about to give is true and correct based upon my personal knowledge and belief and has been obtained in furtherance of my representation of Plaintiffs.

2. As a result of a motor vehicle accident which occurred on Interstate 40 near Atkins, Pope County, Arkansas, on August 6, 2015, Plaintiff Blake Zeledon lost his life. In addition, Plaintiff Alyssa Ressis sustained severe and painful personal injuries; has incurred medical expenses in the past and will incur medical expenses in the future; and has experienced excruciating pain and suffering and mental anguish, as well as other compensatory damages.

3. Upon information and belief, employees and/or authorized agents of Defendants, acting within the course and scope of their employment with and/or authority from CRST Lincoln Sales, Inc., and/or CRST Expedited, Inc., or both, are alleged in the First Amended Complaint to have proximately caused the accident and harm at issue by and through their negligent acts and/or omissions.

4. However, other individuals and/or entities may have held an interest in the 2014 International Harvester/Navistar tractor trailer operated by Defendant Soriano and/or Defendant Soriano may have been acting in the course and scope of his employment with other individuals or entities at the time of the collision at issue.

5.      Additionally, one or more of these individuals and/or entities could be potentially liable, directly and/or by way of imputation, for the negligent acts/omissions which caused the damages and harm suffered by Plaintiffs, as set forth in their First Amended Complaint.

6.      The exact identities are, however, presently unknown, despite the diligent efforts of Plaintiffs and their counsel to identify them.  To ensure each participates in the litigation initiated by Plaintiffs and is held responsible for any negligent acts and/or omissions causing or contributing to the accident and Plaintiffs' harm, proportionately and/or on a pro-rated basis, this Affidavit is being filed as **Exhibit "2"** to Plaintiffs' First Amended Complaint.

7.      Accordingly, John Does 1-3 and 4-6 have been identified and separately named as Defendants to represent these presently unknown and unidentified individuals/entities.

Further, affiant saith not.

_____
Terry D. Dugger

## VERIFICATION

Subscribed and sworn to before me this _19th_ day of March, 2019.

_____
Notary Public

My Commission Expires:

_05-10-2023_

2

